# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOE GLENN SUELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0252-WS-B |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiffs' motion for partial summary judgment, limited to the issue of liability. (Doc. 22). The defendant challenges the motion on its merits but also argues the motion is premature. (Doc. 25).

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).[1]

This action was filed in May 2013, but summons was not issued until late June, and the defendant timely answered in late August. (Docs. 1, 6, 8). Thanks to the lapse in federal funding at the end of the fiscal year, the parties' Rule 26(f) report was not filed until November 4 and the Rule 16(b) scheduling order not entered until November 7. (Docs. 10-15). That order established a discovery deadline of April 4, 2014, a deadline for disclosing defense expert testimony of

---

[1] Current Rule 56(d) "carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory committee notes 2010 amendments. The Court therefore considers precedents decided under former Rule 56(f).

March 4, 2014, and a deadline for initial disclosures of November 29, 2013. (Doc. 15 at 1-2). The plaintiffs mailed their initial disclosures to counsel on November 27. (Doc. 20). They filed the instant motion for partial summary judgment one week later, on December 4. (Doc. 22).

The defendant has submitted the affidavit of its counsel, which points out that the defendant received the plaintiffs' initial disclosures on December 3; that those disclosures included the affidavit of Edward Lee Hager, an employee of the defendant and the individual on whose conduct the defendant's liability is said to rest; that Hager in his affidavit states the motor vehicle accident made the subject of this lawsuit was his fault and that the circumstances were such that the defendant is liable for his conduct; that defense counsel was unaware, prior to December 3, that Hager had executed such an affidavit; that the plaintiffs' motion for summary judgment was filed the following day, relying exclusively on Hager's affidavit; that Hager is represented by counsel and cannot be contacted directly by defense counsel; that, in order to oppose the plaintiffs' motion, the defendant needs to engage in the discovery contemplated by the Rule 16(b) scheduling order, including discovery of Hager, its own investigation of the accident, witnesses (including towing company personnel, emergency responders and other medical providers) and potential defenses (including contributory negligence),[2] and the retention of expert witnesses; that none of this discovery has taken place; and that the defendant relied on the deadlines established in the Rule 16(b) scheduling order in formulating and executing its discovery plan. (Doc. 26).

"The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997). The Eleventh Circuit in *Jones* ruled that the district court abused

---

[2] As the defendant notes, the responding officer's report indicates a suspicion of alcohol and/or drug use by the plaintiff as a contributing factor. (Doc. 28, Exhibit A at 1).

its discretion by granting summary judgment before the plaintiff was allowed to take the depositions, within the discovery period, of the witnesses whose affidavits formed the basis of the motion for summary judgment. *Id*. at 250-51, 253. The Court would find itself in the same situation were it to grant summary judgment under the circumstances presented.

The plaintiffs fume that they served an administrative claim on the defendant in October 2012, such that the defendants should be ready to respond to their motion for summary judgment without engaging in formal discovery. (Doc. 29 at 1, 4). They cite no authority for the facially implausible proposition that a non-movant's mere knowledge of potential litigation requires it to conduct all necessary investigation, informally, before suit is ever filed, without any legal means of forcing the plaintiff or any other witness to divulge all potentially relevant testimony and documents and with the penalty for failure being instant entry of judgment against it in the eventual litigation. The Court will not, absent such authority, accept the plaintiffs' bald assertion.

The same lack of authority precludes the Court from indulging the plaintiffs' proposed presumption that, because the defendant has invoked Rule 56(d) rather than producing evidence contrary to Hager's affidavit, the defendant "has no defense," such that the Court should grant their motion for summary judgment on that basis. (Doc. 29 at 6). Since the very purpose of Rule 56(d) is to permit litigants satisfying its requirements to avoid producing such evidence prematurely, the plaintiffs' argument, if accepted, would read the rule out of existence.

The plaintiffs emphasize that Rule 56(b) allows them (absent a local rule or court order setting different limits) to move for summary judgment "at any time until 30 days after the close of all discovery." (Doc. 29 at 6-7). And so it does, but that freedom is limited by Rule 56(d).

Finally, the plaintiffs insist that Hager's affidavit is so damning that any effort by the government to counter it is futile and a "wast[e] [of] taxpayer

3

money." (Doc. 29 at 7-8). But the plaintiffs have not shown that Hager's affidavit constitutes a binding, unchallengeable admission by the defendant that he was negligent (or wanton), that the defendant is legally responsible for his conduct, and that the plaintiff was not at all negligent.[3] Short of that, Hager's affidavit may be problematic for the defendant but cannot be conclusively, unavoidably fatal.

"Whether to grant or deny a Rule 56(f) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." *Harbert International, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). The defendant's need for discovery is patent, and the plaintiffs have articulated no burden at all, much less a burden sufficient to outweigh the defendant's need.

For the reasons set forth above, the plaintiffs' motion for summary judgment is **denied**, without prejudice to their ability to seek similar relief following the close of discovery.[4]

DONE and ORDERED this 3rd day of February, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] On the contrary, the plaintiffs expressly "do not contend" that Hager's affidavit can "create an irrebuttable presumption" that he was acting within the scope of his employment. (Doc. 29 at 10).

[4] The defendant's motion to strike Hager's affidavit, (Doc. 27), is thus **denied as moot**.